## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DEVIN JACKSON**                                                     **CIVIL ACTION**

**VERSUS**                                                            **NO. 22-273-BAJ-RLB**

**NSA, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 3, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DEVIN JACKSON**                                         **CIVIL ACTION**

**VERSUS**                                                **NO. 22-273-BAJ-RLB**

**NSA, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint filed by Devin Jackson ("Plaintiff"). Following a hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and for the reasons set forth herein, the undersigned **RECOMMENDS** that Plaintiff's suit be **DISMISSED WITH PREJUDICE**.

**I.    Background**

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this action on April 28, 2022, by filing a Complaint alleging that National Security Agent ("NSA") and the NSA Inspector General are conducting illegal wiretaps, electromagnetic harassment, illegal surveillance, and remote neural monitoring. (R. Doc. 1). In his amended complaint, Plaintiff indicates that he is also suing the Central Intelligence Agency ("CIA") and Department of Defense ("DOD") for $8 million for remote brain mapping, illegal wiretap, surveillance, pain[,] and suffering."[1] (R. Doc. 4).

At the May 17, 2022 hearing, Plaintiff made similar allegations to those set forth above. He added that Defendants are wiretapping his brain using bioelectric fields that tap into his nervous system. Plaintiff also alleged that Defendants have organized groups of people, including children, to watch and harass him. According to Plaintiff, Defendants' misconduct causes him to suffer high blood pressure, anxiety, tinnitus, and vision impairment. Plaintiff, however, informed the Court that he has "no proof or evidence" to support this allegation and he cannot identify any of the

---

[1] The NSA, NSA Inspector General, DOD, and CIA are collectively referred to as "Defendants."

individuals that are allegedly watching him. He further stated that the tortfeasor "*could* be" the CIA, NSA, any another agency, such as the FBI, or another country.

Additionally, Plaintiff stated that his medical providers have explained his symptoms to be caused by a mental illness such as paranoid schizophrenia. Plaintiff does not believe that he has a mental illness and will not allow his medical providers to treat him for same. The only treatment Plaintiff receives is medication for his low blood pressure and muscle relaxers.

## II.    Law and Analysis

### A.    Legal Standard

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)     is frivolous or malicious;
(ii)    fails to state a claim on which relief may be granted; or
(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468. Further, "[a] complaint asserting prescribed claims is properly dismissed as frivolous." *Smith v.*

*Orleans Par. Prison*, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008) (citing *Brown v. Pool*, 79 Fed. App'x 15, 17 (5th Cir. 2003)).

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

## B. Analysis

Turning to the allegations raised by Plaintiff in his Complaint as well as during the May 17, 2022 hearing, Plaintiff alleges that he suffers high blood pressure, anxiety, tinnitus, and vision changes as result of Defendants remote brain mapping, illegal wiretaps, and surveillance.[2]

As noted above, Plaintiff failed to provide any factual basis to support his allegations that Defendants or any other specific actor(s), whether individuals or entities, have perpetrated any wrong. For example, Plaintiff stated that the alleged tortfeasor "*could* be" the CIA, NSA, FBI, or another country. He admittedly does not have any evidence that specifically identifies either entity as a potential tortfeasor. All that Plaintiff has to support his claims is a blog that asserts that Defendants have the capability to conduct wiretaps, surveillance, and remote neural monitoring, but he does not have any proof to show that they are, indeed, conducting such activity on him. Plaintiff essentially acknowledges that the allegations he has brought against these specific defendants are entirely conclusory. Importantly, Plaintiff informed the Court that his medical providers attribute his symptoms to a mental illness—particularly, paranoid schizophrenia.

As noted previously, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In short, Plaintiff's allegations are devoid of any factual content that would allow a court to draw a reasonable inference of liability on the part of the named Defendants. While the Court is

---

[2] The Court notes that this is a civil action brought by Plaintiff. Plaintiff, however, characterizes Defendants' alleged misconduct as "illegal." To the extent any of the acts complained of would constitute criminal behavior, this Court is unable to provide relief. The Court would recommend Plaintiff contact his local law enforcement agency to address any criminal acts that may have occurred or continue to occur.

sensitive to Plaintiff's concerns, without more information, there is no redress available to him in this Court.

Additionally, the Court cannot escape the fact that the acts complained of by Plaintiff qualify as "factually frivolous" as they are clearly baseless —a category encompassing allegations that are fanciful, fantastic, and delusional. Particularly, Plaintiff's assertions that an entity is remotely wiretapping his brain to control his nervous system and that random individuals, including children, are part of an illegally conducted surveillance operation directed to him are irrational and wholly incredible. *See Starrett v. U.S. Dep't of Def.,* No. 3:18-CV-2851-M-BH, 2018 WL 6069969, at *3 (N.D. Tex. Oct. 30, 2018) ("Plaintiff's claims against Defendants based on an alleged conspiracy to target him for military exercises and to remotely control his brain and body functions are frivolous because they are 'fanciful, fantastic, or delusional.'").

Finally, the Court also finds that amendment would be futile, as the Court provided Plaintiff with the opportunity to set forth any additional facts that could give rise to a valid claim. Plaintiff was unable to do so.

### III. Recommendation

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) because it is both legally frivolous and fails to state a claim.

Signed in Baton Rouge, Louisiana, on August 3, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**